IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| QUENTAL MILLER | § | |
| VS. | § | CIVIL ACTION NO. 6:11cv150 |
| UNITED STATES OF AMERICA | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

The above-entitled and numbered motion to vacate or correct Petitioner's federal conviction pursuant to 28 U.S.C. § 2255 (docket entry #1) was heretofore referred to United States Magistrate Judge John D. Love. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner has filed objections.

Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Petitioner essentially re-states the same arguments raised in his reply to the Court's July 20, 2011, Order pursuant to *Day v. McDonough*, 547 U.S. 198, 210, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006) and *Wyatt v. Thaler*, 395 Fed. Appx. 113, 114-15 (5th Cir. 2010) (per curiam) to show why his motion should not be dismissed as time-barred. He argues that he should either benefit from equitable tolling or that the tolling clock should have started at the time he alleges he first learned his counsel did not file an appeal in his case, under 28 U.S.C. § 2255(f)(4) ("the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."). He relies on the federal district court case *United States v. Zarate*, 2007

1

U.S. Dist. LEXIS 82405, at *11-15 (S.D. Tex. Nov. 6, 2007) for his timing proposition. There, the petitioner's appeal had been dismissed and she was never informed of that fact. *Id*. at *14-15. However, as the Southern District observed, "many of [her counsel's] actions in this case led Zarate to believe that she had a pending appeal and a pending § 2255 motion." *Id*. at *15. Because her counsel never filed a motion to withdraw, that petitioner never received notice of the appeal's dismissal. *Id*. In addition, that petitioner's counsel mailed her a copy of a prepared § 2255 motion, further leading her to believe that the motion had been filed and remained pending. *Id*.

In this case, however, Petitioner does not allege any of these circumstances. Instead, he alleges only that he inquired of his counsel about the status of his case and did not receive a response. He does not allege that his counsel actively led him to believe that his appeal was proceeding, as in *Zarate*, *supra*. His notice of appeal was filed following his April 2, 2009, conviction and was dismissed on May 22, 2009. He admits that after asking his counsel for information some number of times, counsel's failure to respond eventually prompted him to inquire with the Court as to the status of proceedings; he simply waited until November 19, 2010, to do so, 18 months later. Waiting that inordinate amount of time shows a lack of diligence. Further, he has not shown that his counsel's actions led Petitioner to believe his appeal was proceeding. To the contrary, a reasonable individual who was concerned that he was getting no response from his attorney in the pendency of a criminal appeal would have diligently inquired of the Court much earlier as to the status of his case. Petitioner's objections are overruled.

It is therefore

**ORDERED** that the motion to vacate or correct Petitioner's federal conviction pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice as time-barred. A

certificate of appealability is **DENIED**.  It is further

**ORDERED** that any remaining motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 5th day of December, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**